IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE NEAL OLIVER, individually and
as Class Representative on behalf of all
similarly situated persons                                                                                          PLAINTIFF

VS.                                              CASE NO. 4:11-CV-04125

MONA VIE, INC. and
MONA VIE, L.L.C.                                                                                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff Joe Neal Oliver's Motion to Remand. (ECF No. 10). The Defendants have responded in opposition (ECF No. 22), and the Plaintiff has replied. (ECF No. 24). The matter is ripe for the Court's consideration. For the following reasons, the motion will be granted.

The Plaintiff filed suit against the Defendants in Miller County Circuit Court on December 16, 2010. He sought damages for misleading advertising related to the Defendants' juice products. To keep the case in state court, the Plaintiff stipulated in his complaint that he was seeking less than $75,000 per class member, and less than $5,000,000 in total damages, excluding interest and costs. On December 16, 2011, the Defendants removed the case to this Court, relying on diversity jurisdiction and the Class Action Fairness Act (CAFA). (ECF No. 1). In removing, the Defendants argued that the Plaintiff's stipulations were insufficient to defeat federal jurisdiction. The Plaintiff now asks the Court to remand the case to Miller County Circuit Court because the stipulations are sufficient to preclude this Court's jurisdiction.

1

DISCUSSION

The fundamental dispute before the Court is whether the Plaintiff's amount-in-controversy stipulations are sufficient to defeat diversity and CAFA jurisdiction. If they are, then this Court must remand. If they are not, then the Court must decide whether the Defendants have sufficiently proved that the amount in controversy meets federal jurisdictional requirements.

A defendant invoking federal-court diversity jurisdiction through removal must prove the required statutory amount in controversy by a preponderance of the evidence. *Hargis v. Access Capital Funding,* LLC, 674 F.3d 783, 798 (8th Cir. 2012) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)). The defendant does not have to prove by a preponderance that the amount in controversy *is* more than the statutory amount, but rather that a fact finder *might* legally conclude that it is. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009) (quoting *Bell*, 557 F.3d at 958)). If a defendant meets its burden, then a plaintiff seeking remand must establish to a legal certainty that the amount in controversy is less than the statute requires. *Bell*, 557 F.3d at 956. The Court need not consider whether the Defendants have shown by a preponderance that the amount in controversy might exceed the statutory minimum; the Plaintiff's stipulations, if they are binding, are enough to establish to a legal certainty that the statutory minimum is not met.

Removal is defeated by adding to the complaint a binding stipulation promising not to seek greater damages than the jurisdictional minimum. *Id.* at 958. The parties in this case agree on that point. The Plaintiff's stipulations in this case, however, were not submitted *with* his complaint, but rather *in* his complaint. The stipulations, in other words, were part of the complaint. Other than that, the stipulations are unequivocal. The Defendants simply argue, from inference, that case law requires stipulations to be separate from the complaint, even if filed with

it. *See, e.g.*, *Bell*, 557 F.3d at 958 ("[To prevent removal, plaintiff] could have included a binding stipulation with his petition….").

This District, however, has rejected that argument.[1] In *McClendon v. Chubb Corp.*, No. 2:11-cv-02034-PKH, 2011 WL 3555649, at *8 (W.D. Ark. Aug. 11, 2011), the court found that, in Arkansas, a stipulation *in* a complaint functions the same as a separate one, because it binds the plaintiff.[2] Our sister district agrees, noting that an Arkansas plaintiff is allowed to plead damages specifically, and that even if she doesn't, Arkansas law holds her recovery below the federal jurisdictional threshold. *Murphy v. Reebok Int'l, Ltd.*, No. 4:11-cv-214-DPM, 2011 WL 1559234, at *2 (E.D. Ark. Apr. 22, 2011).

Indeed, Ark. R. Civ. P. 8(a) limits recovery for unspecified liquidated damages to an amount below the minimum for federal-court diversity jurisdiction, unless the complaint expressly seeks a higher recovery. And ARK. CODE ANN. §16-63-221 allows a plaintiff to declare an amount in controversy to establish jurisdiction, and states that if a plaintiff does so, the declaration is binding on the plaintiff. ARK. CODE ANN. § 16-63-221 (West 2012). These statutes and the holding of *McClendon* show that an Arkansas plaintiff's amount-in-controversy stipulation is valid even if included in its complaint rather than contained in a separate stipulation or affidavit. Thus, the Plaintiff's stipulation here is valid, and ensures that the Defendants' attempt at removal fails.

The Defendants' next argue that the Plaintiff's stipulations are undone by his refusal, in response to the Defendants' requests for admissions, to disclaim damage amounts in excess of his pleaded amounts. The Plaintiff's response to the Defendants' request for admissions on the

---

[1] The Court recognizes that a recent case in this district takes a contrary position. *Thatcher v. Hanover Ins. Group, Inc.*, No. 4:10-cv-04172, 2012 WL   (W.D. Ark. May 29, 2012). The Court, however, follows the greater weight of the cases in finding that a stipulation in a complaint is sufficient to bind the Plaintiff.

[2] The Arkansas result is not achieved in states whose pleading standards preclude pleading damages with specificity. *See, e.g.*, *Bell*, 557 F.3d at 956 (noting the Iowa prohibition on specifically pleading damages).

amount-in-controversy issue were vague, and could equate to a refusal to admit being bound to the pleaded amounts.

Still, as discussed above, Arkansas statutory law deems the Plaintiff bound to his pleaded amount. Moreover, judicial estoppel would prevent any attempt by the Plaintiff to thwart his stipulations upon remand. *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1072 (8th Cir. 2012); *Smith v. American Bankers Ins. Co. of Florida*, No. 2:11-cv-02113, 2011 WL 6090275, at *9 (W.D. Ark. Dec. 7, 2011) (post-remand attempt to thwart rules would be "prohibited under the doctrine of judicial estoppel"); *Murphy*, 2011 WL 1559234, at *2 ("…all the material circumstances would judicially estop [the plaintiff] from changing her tune when the case returns to state court."). The Arkansas doctrine against taking inconsistent positions also would prevent the Plaintiff's attempt to thwart his stipulations. *Id.* Additionally, the CAFA statute likely would permit the Defendants to remove again if the Plaintiff raises the amount in controversy. 28 U.S.C. § 1453(b) (2006) (noting that the 1-year limitation for removal under § 1446(c)(1) does not apply to CAFA removal). Finally, as a general matter, courts are not friendly toward parties scheming to alter jurisdiction. As one court noted:

> However, with federal jurisdiction, one must fish or cut bait. Plaintiff may not play games with federal jurisdiction. While plaintiff may limit his damages to avoid removal…, he may not temporarily defeat removal and then upon remand and after the expiration of the one year removal period, amend his pleadings or even without a formal amendment, ask huge amounts at trial.

*Hollenbeck v. Outboard Marine Corp.*, 201 F.Supp.2d 990, 994 (E.D. Mo. 2001).

For the reasons stated above, the Plaintiff's in-complaint stipulations bind him the same as separate stipulations would, and are sufficient to preclude the Defendants from showing by a preponderance of the evidence that the amount in controversy in this case gives this Court jurisdiction over it. Accordingly, the Plaintiff's Motion to Remand (ECF No. 10) should be and

hereby is **GRANTED**. The case is hereby remanded to the Circuit Court of Miller County, Arkansas for further proceedings.

 IT IS SO ORDERED, this 31st day of May, 2012

 /s/ Susan O. Hickey
 Hon. Susan O. Hickey
 United States District Judge